

GARLAND, FORD & POTTER, LLC
Glenn M. Ford, Esq. [Bar No. 6-3770]
Amy W. Potter, Esq. [Bar No. 6-4300]
P.O. Box 4310, 235 East Broadway
Jackson, WY 83001
(307) 733-0661



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 27 2010

Stephan Harris, Clerk
Cheyenne

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| SHIRLEY M. JOHNSON, | Case No. 10-CV-279 D |
|---|---|
| Plaintiff, | |
| v. | COMPLAINT |
| CARL D. KING, | |
| Defendant. | |

COMES NOW, Plaintiff Shirley M. Johnson, by and through her undersigned attorneys, and for her Complaint against Defendant Carl D. King, alleges and avers as follows:

### PARTIES

1. Plaintiff Shirley M. Johnson is a citizen of Wisconsin.

2. Defendant Carl D. King is a citizen of Wyoming.

3. Plaintiff and Defendant are parties to that that Mutual Release dated June 1, 2008, a true and correct copy of which is attached hereto as Exhibit "A," and that Promissory Note dated June 1, 2008, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by this reference.

### JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. sec. 1332 because Plaintiff is a resident of Wisconsin, Defendant is a resident of Wyoming, and the

1 Summons issued

amount in controversy exceeds $75,000. This Court has jurisdiction over Defendant as a resident of Wyoming.

5. Venue is proper in this Court pursuant to 28 U.S.C. sec. 1391 because Defendant is a resident of Wyoming and a substantial part of the events giving rise to this lawsuit occurred in Wyoming.

## BACKGROUND

6. Plaintiff restates and realleges every preceding paragraph of this Complaint as though restated here.

7. On or about November 4, 2007, Plaintiff and Defendant entered into a Settlement Agreement and Release (the "Agreement") pursuant to which the parties were to execute certain stock transfers and Defendant agreed to pay Plaintiff $1,500,000.00 contemporaneously with those stock transfers.

8. Defendant refused to pay $1,5000,000.00 contemporaneously with the stock transfers as provided in the Agreement.

9. Therefore, on or about June 1, 2008, Plaintiff, Defendant and others entered into a Mutual Release (the "Release") pursuant to which the parties agreed to release all claims between them, conditioned upon payment of the Promissory Note and execution of the related documents referenced in the Release and further described herein. The Release provides that the prevailing party in any dispute is entitled to their attorneys' fees and costs.

10. In connection with the Release, on or about June 1, 2008, Plaintiff and Defendant entered into a Promissory Note (the "Note") pursuant to which Defendant agreed to pay Plaintiff $1,500,000.00 with 5 ¾% interest per annum as provided by the terms of the Note.

11. Paragraph 1 of the Note provides for monthly payment of interest of $8,500.00 or $6,500.00 from July 1, 2008 through October 31, 2009. A $500.00 late penalty applies to delinquent interest payments.

12. Paragraph 2 of the Note provides that principal balance and all accrued and unpaid interest is due and payable on November 1, 2009 (the "Maturity Date.") In addition, Paragraph 2 of the Note provides that the principal balance and interest can be accelerated upon default.

13. Paragraph 4 of the Note provides that interest shall accrue at the rate 10% per annum upon default, including but not limited to failure to pay the principal balance and all accrued and unpaid interest on the Maturity Date.

14. Paragraph 8 of the Note and Paragraph 6.7 of the Agreement provide that those documents are governed by Wyoming law. The Note is secured by a Stock Pledge Agreement and a Fourth Mortgage on real property located in Teton County, Wyoming. (See Note, ¶ 9, 12).

15. Paragraph 12 of the Note provides that Plaintiff is entitled to all costs of collection, including attorneys' fees and expenses.

16. Defendant made payments of $8,500.00 on or about July 1, 2008, $6,500.00 on or about November 1, 2008 and $8,500.00 on or about June 1, 2009. Defendant failed to make payments due on August 1, September 1, October 1, December 1, 2008 and January 1, February 1, March 1, April 1, May 1, 2009, and failed to make any payments after June 1, 2009, including all required interest payments and the balance of principal plus accrued and unpaid interest on November 1, 2009.

17. On or about November 1, 2009, Plaintiff gave Defendant notice of default and began applying the default rate of interest to the obligation.

## FIRST CAUSE OF ACTION
## BREACH OF EXPRESS CONTRACT – RELEASE

18. Plaintiff restates and realleges every preceding paragraph of this Complaint as though restated here.

19. The Release is a contract between Plaintiff and Defendant, and each has rights and obligations thereunder.

20. The relevant terms of the Release are clear and unambiguous.

21. The release is conditioned upon the Promissory Note and Related Documents described therein and performance of all terms of those documents.

22. Plaintiff performed all of her obligations set forth in the Release.

23. Defendant failed and refused to pay interest payments and the unpaid balance plus accrued and unpaid interest as set forth in the terms of the Note, thereby failing to perform his obligations under the Release.

24. Defendant breached the Release by failing to pay Plaintiff the amounts required by the Note.

25. The Release provides that the prevailing party in any dispute is entitled to attorneys' fees and costs.

26. As a result of Defendant's breach of the Release, Plaintiff has been damaged in the amount of $1,767,944.88 plus interest, attorneys' fees and costs that continue to accrue.

## SECOND CAUSE OF ACTION
## BREACH OF EXPRESS CONTRACT – PROMISSORY NOTE

27. Plaintiff restates and realleges every preceding paragraph of this Complaint as though restated here.

28. The Note is a contract between Plaintiff and Defendant, and each has rights and obligations thereunder.

29. The relevant terms of the Note are clear and unambiguous.

30. Paragraph 1 of the Note obligates Defendant to make interest payments as set forth therein, and Paragraph 2 of the Note obligates Defendant to pay the balance of principal and all accrued and unpaid interest on November 1, 2009.

31. Plaintiff performed all of her obligations set forth in the Note.

32. Defendant failed and refused to pay interest payments and the unpaid balance plus accrued and unpaid interest as set forth in the terms of the Note.

33. Defendant breached the Note by failing to pay Plaintiff the amounts required by the Note.

34. Paragraph 12 of the Note provides that Plaintiff is entitled to all costs of collection, including attorneys' fees and expenses.

35. Defendant's outstanding obligation under the terms of the Note as of December 23, 2010 is as follows:

| | |
|---|---:|
| Principal: | $1,498,687.50 |
| Interest (5 ¾%) | $99,899.39 |
| Interest (10%) | $162,358.00 |
| Late Fees | $7,000.00 |
| Total: | $1,767,944.88 |

Plus interest, attorneys' fees and costs that continue to accrue.

36. As a result of Defendant's breach of the Note, Plaintiff has been damaged in the amount of $1,767,944.88 plus interest, attorneys' fees and costs that continue to accrue.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

a. Awarding Plaintiff damages in the amount of $1,767,944.88 plus interest, attorneys' fees and costs;

b. Awarding Plaintiff all attorneys' fees and costs incurred; and

c. Awarding Plaintiff such other relief as the Court deems just and equitable.

DATED this 23rd day of December, 2010

*[signature]*

GARLAND, FORD & POTTER, LLC
Glenn M. Ford, Esq. [Bar No.6-3770]
Amy W. Potter, Esq. [Bar No. 6-4300]
P.O. Box 4310, 235 East Broadway
Jackson, WY 83001
(307) 733-0661

## MUTUAL RELEASE

In consideration of the execution of a certain Promissory Note this __1ST__ day of June, 2008 by Carl D. King payable to Shirley M. Johnson ("Promissory Note") and related documents ("Related Documents"), **Carl D. King** and **Shirley M. Johnson, Michael J. Johnson and Pamela K. Johnson** on behalf of themselves, their heirs, personal representatives, executors and assigns individually or jointly hereby mutually discharge, release and remise any and all claims or causes of action whatsoever, in law, admiralty or equity which any of the parties to this release, whether individually or jointly, it ever had or now have or hereinafter can, shall or may have against each other and their heirs, personal representatives, executors, and assigns for, upon, or by reason of any matter, cause or thing whatsoever, including but not limited to the claims (whether characterized as claims or defenses) which have been or could have been asserted in any pending action or unfiled action; provided, however, that this general release shall not include any claim based on any breach of the Promissory Note and/or Related Documents.

If any party brings an action in connection with the performance, breach or interpretation of this Mutual Release, the prevailing party shall be entitled to recover all costs and expenses of such litigation, including attorneys' fees, court costs, costs of investigation, accounting and other costs reasonably incurred or related to such litigation.

Dated: June __1__, 2008

_____
CARL D. KING

Dated: June __24__, 2008

_____
Pamela K. Johnson

Dated: June __24__, 2008

_____
SHIRLEY M. JOHNSON

Dated: June __23__, 2008

_____
Michael J. Johnson

**Exhibit A**

**June 1, 2008**           **PROMISSORY NOTE**          **$1,500,000.00**

     For value received, CARL D. KING, a resident of Jackson, Wyoming (hereinafter referred to as "Maker"), promises to pay to the order of SHIRLEY M. JOHNSON, a resident of Germantown, Wisconsin (hereinafter referred to as "Payee"), the principal sum of One Million Five Hundred Thousand Dollars ($1,500,000.00). The principal of and interest on this Note shall be due and payable in lawful money of the United States of America to: Shirley M. Johnson, N97 W 17901 Mulberry Court, Germantown, Wisconsin 53022.

    1.   **Interest.** Interest shall accrue on the unpaid principal balance due under this Note at an annual rate equal to Five and Three-Fourths percent (5 ¾ %), payable as follows: (a) the sum of Eight Thousand Five Hundred Dollars ($8,500.00) per month on the first day of each month beginning July 1, 2008 through October 31, 2008; (b) the sum of Six Thousand Five Hundred Dollars ($6,500.00) per month on the first day of each month from November 1, 2008 through May 31, 2009; and (c) the sum of Eight Thousand Five Hundred Dollars ($8,500.00) per month on the first day of each month from June 1, 2009 through October 31, 2009. Provided, however, in the event the house owned by Maker (subject to a Mortgage of even date herewith) sells prior to September 1, 2009 and the proceeds (after paying the three (3) existing mortgages, together with commissions and usual and customary closing costs) are paid to Payee, interest on the remaining indebtedness shall be increased to Six Percent (6%) per annum and the monthly interest payments shall be readjusted to reflect a lesser outstanding indebtedness and the increased interest rate. By way of example, if the indebtedness is reduced to Five Hundred Thousand Dollars ($500,000.00) after the sale, interest at Six Percent (6%) is Thirty Thousand Dollars ($30,000.00) per year, the

**Exhibit B**

monthly interest from the date of closing until November 1, 2009 would be Five Thousand Dollars ($5,000.00) per month. Interest shall accrue from and including the date of this Note until, but not including, the day on which it is paid in full. In no event shall the interest charged hereunder exceed the maximum rate of interest allowed from time to time by law. Interest on the balance of the Note shall be due and payable monthly on the first (1st) day of each month, commencing July 1, 2008. Should such interest payment not be made before the tenth (10th) day of the month, a Five Hundred Dollar ($500.00) penalty shall apply. Should such interest payment, together with penalty, not be made prior to the twentieth (20th) of the month, Payee shall provide maker with a notice of default and Maker shall have ten (10) days to cure such default.

2. **Payment of Note**. In the event any payment required hereunder is not paid pursuant to the terms hereof, at the option of the Payee, all principal and interest shall become immediately due and payable. The principal balance of, and all accrued unpaid interest on, this Note shall be due and payable on or before November 1, 2009, except as otherwise provided herein ("Maturity Date").

3. **Prepayment**. This Note may be prepaid in whole or in part at any time, at the option of Maker, without premium or penalty.

4. **Interest After Default**. Upon default, including failure to pay upon final maturity, Payee, at her option, may, if permitted under applicable law, increase the interest rate on this Note to ten percent (10%) per annum. The interest rate will not exceed the maximum rate permitted by applicable law.

5. **Default**. Each of the following shall constitute an event of default ("Event of Default") under this Note.

a. Payment Default. Maker fails to make any payment when due under this Note after being given notice and opportunity as set forth in Section 1;

b. Other Defaults. Maker fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Payee and Maker;

c. Default in Favor of Third Parties. Maker defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Maker's property mortgaged to Payee or Maker's ability to repay this Note or perform maker's obligations under this Note or any of the related documents;

d. False Statements. Any warranty, representation or statement made or furnished to Payee by Maker or on Maker's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter;

e. Insolvency. The dissolution or termination of Maker's existence as a going business, the insolvency of Maker, the appointment of a receiver for any part of Maker's property, any assignment for the benefit of creditors, any type of

       creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws or against Maker;

   f.   <u>Creditor or Forfeiture Proceedings</u>. Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Maker or by any governmental agency against any collateral securing the loan or assets of Maker. This includes a garnishment of any of Maker's accounts, including deposit accounts. However, this Event of Default shall not apply if there is a good faith dispute by Maker as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Maker gives Payee written notice of the creditor or forfeiture proceeding and deposits with Payee monies or a surety bond for the creditor or forfeiture proceeding, in a amount determined by Payee, in her sole discretion, as being an adequate reserve or bond for the dispute;

   g.   <u>Change in Ownership</u>. Any change in ownership of more than fifty percent (50%) of the common stock of CDK, Inc. or its successor or the issuance of additional shares of the common stock of CDK, Inc.; and

   h.   <u>Adverse Change</u>. A material adverse change occurs in Maker's financial condition, or Payee believes the prospect of payment or performance of this Note is impaired.

5.   **Default Enforcement**. Upon default in payment of this Note, Payee may pursue any and all rights and remedies to which Payee may be entitled under applicable law.

6. **Limitation of Interest**. All agreements between Maker and Payee, whether now existing or hereafter arising and whether written or oral, are expressly limited so that in no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof, acceleration of the maturity of the unpaid principal balance hereof, or otherwise, shall the amount contracted for, charged, received, paid or agreed to be paid to the holder hereof for the use, forbearance, or detention of the money evidenced by this Note or for the payment or performance of any covenant or obligation contained herein or in any other document pertaining to the indebtedness evidenced by this Note exceed the maximum amount permissible under applicable usury laws. If, from any circumstance whatsoever, fulfillment of any provision hereof or of any other agreement shall, at the time fulfillment of such provision be due, involve transcending the limit of validity prescribed by law which a court of competent jurisdiction may deem applicable hereto, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity; and if from any circumstance the holder hereof shall ever receive as interest an amount which would exceed the maximum lawful rate, any amount equal to any excessive interest shall (a) be applied to the reduction of the unpaid principal balance due hereunder and not to the payment of interest, or (b) if such excess interest exceeds the unpaid principal balance of this Note, such excess shall be refunded to Maker. All sums contracted for, charged or received hereunder for the use, forbearance or detention of the indebtedness evidenced hereby shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of this Note until payment in full so that the rate of interest on account of such indebtedness is uniform throughout the term hereof. The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Maker and the holder hereof.

7. **Waiver**. Except as otherwise expressly provided herein, Maker waives demand, presentment for payment, notice of intent to accelerate, notice of acceleration, notice of nonpayment or dishonor, grace, protest, notice of protest, all other notices, and any and all diligence or delay in collection or the filing of suit hereon.

8. **Governing Law and Venue**. This Note shall be construed according to and governed by the laws of the State of Wyoming. The obligations of Maker under this Note are performable in Teton County, Wyoming.

9. **Stock Pledge Agreement**. This Note is secured by the Stock Pledge Agreement, dated June 1, 2008 by Maker and Payee, and Payee is entitled to all of the rights and benefits thereunder.

10. **Fourth Mortgage**. This Note is secured by a Fourth Mortgage dated June 1, 2008 by Maker, and Payee is entitled to all of the rights and benefits thereunder.

11. **Successors and Assign**. This Note shall bind Maker's heirs, personal representatives, agents, successors and assigns.

12. **Collection Costs**. If this Note is collected by legal proceeding or through a probate or bankruptcy court, or is placed in the hands of an attorney for collection after default (whether or not suit is filed), Maker agrees to pay all costs of collection and/or suit, including but not limited to attorneys' fees and all expenses incurred by Payee.

13. **Unenforceability**. The invalidity, or unenforceability in particular circumstances, of any provision of this Note shall not extend beyond such provision or such circumstances, and no other provision of this Note shall be affected thereby.

14. **Notices.** Whenever a party to the Promissory Note is required or permitted under this Promissory Note to provide another party with any notice, request, demand, consent or approval ("Notices"), the Notices will be given in writing and will be delivered to the party to be notified at the address or facsimile number set forth below: (a) personally; (b) by a reputable overnight courier service; (c) by certified mail, postage prepaid, return receipt requested; or (d) by e-mail or facsimile transmission. Any party may change its address for Notices by written notice to the other parties delivered in the manner set forth above. Notices will be deemed to have been duly given: (1) on the date personally delivered; (2) one (1) business day after delivery to an overnight courier service with next-day service requested; (3) on the third (3rd) business day after mailing, if mailed using certified mail; or (4) on the date sent when delivered by facsimile or e-mail (so long as a copy of the Notice is sent by one of the other means permitted hereunder on or before the next business day) as follows:

   a. <u>Notice to Maker</u>. Carl K. King, 1875 North Highway 89, Jackson, Wyoming 83001, with a copy to Kenneth S. Cohen, Esq, P. O. Box 2467, 125 East Pearl Street, Suite 22, Jackson, Wyoming 83001; Facsimile (307) 739-1731;

   b. <u>Notice to Payee</u>. Shirley M. Johnson, N97 W 17901 Mulberry Court, Germantown, Wisconsin 53022, with a copy to the offices of J. Denny Moffett, Esq., Moffett & Associates, P.C., P. O. Box 4797, 215 South Willow Street, Jackson, Wyoming 83001; Facsimile (307) 733-3994.

14. **Headings**. The paragraph headings of the sections of this Note are inserted for convenience of reference only and shall not affect the meaning or interpretation of this Note.

**IN WITNESS WHEREOF**, Maker has duly executed this Note as of the day and year first above written.

_____
CARL D. KING

| | |
|---|---|
| STATE OF WYOMING | ) |
| | )SS. |
| COUNTY OF TETON | ) |

BEFORE ME, the undersigned, a Notary Public, in and for said County and State, on this 15th day of June, 2008, personally appeared Carl D. King, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I hereunto set my official signature and affixed my notarial seal the day and year last above written.

_____
Notary Public

My commission expires  05/25/2010

```
SKYLA J. HAMILTON  NOTARY PUBLIC
COUNTY OF              STATE OF
  TETON                WYOMING
MY COMMISSION           AUG 25 2010
```

Page 8 of 8